**Donald THOM, Appellant,**

v.

**Aubrey Lubrie POSS, Appellee.**

**No. 16567.**

United States Court of Appeals
Ninth Circuit.

April 19, 1960.

Peterson & Lent, Berkeley Lent, Gerald H. Robinson, Portland, Or., for appellant.

Koerner, Young, McColloch & Dezendorf, Wayne Hilliard, George L. Wagner, Portland, Or., for appellee.

Before ORR, HAMLIN and MERRILL, Circuit Judges.

ORR, Circuit Judge.

Aimed at the control of traffic within its borders, the state of Oregon has enacted a statute which reads in part:

"Turns at intersections. (1) The driver of a vehicle intending to turn at an intersection shall observe the following rules:

"(a) The approach for a right turn shall be made in the lane for traffic nearest to the right-hand side .

of the highway and the right turn shall be made as close as practicable to the right-hand curb or edge of the highway." O.R.S. 483.316.

On the morning of April 7, 1956, appellee was driving a truck in a westerly direction on Burnside Avenue, a street in Portland, Oregon, and appellant was at the same time driving his car in the same direction on said avenue. At the intersection of Burnside and Grand Avenues, a collision occurred between the truck driven by appellee and the car driven by appellant. Suit was instituted by appellant against appellee charging negligence on the part of appellee in that he violated the provisions of the above quoted Oregon law by approaching the intersection of Burnside and Grand Avenues from the middle lane of a three lane Burnside Avenue and then making a right turn into Grand Avenue from said middle lane. A jury trial was had and a verdict rendered in favor of appellee. The sole specification of error relied on by appellant is that the court misdirected and misled the jury by giving the following instruction. It quoted the section of Oregon law heretofore set out in this opinion and then continued:

"Now, members of the jury, in determining whether or not the plaintiff in this instance did or did not violate this rule of law you should bear in mind the type of equipment that the defendant was driving, whether or not it be a private car or whether or not it be the truck as we see them on the highway and has been described in the evidence in this case. The important part of the act is that the turn shall be made as close as practicable to the right curb or edge of the highway."

The statute in question is explicit in its requirement that two things be observed in making a right turn at an intersection. First, that the approach be made in the lane for traffic nearest the right-hand side of the highway. Then, having so approached, the second requirement comes into play, that the turn be made as close to the right curb or edge of the highway as practicable. The instruction given correctly states the second phase of the right turn operation but completely ignores the first. Granted that a vehicle has approached the intersection in the proper lane, then, of course, in making a right turn the important requirement is that the turn shall be made as close as practicable to the right curb or edge of the highway. In the case of a truck, because of its size an encroachment into the middle lane may be necessary. This could legally be done if the truck starts its turn in the right-hand lane and remains as close as practicable to the right-hand curb as the turn is made. However, an approach being made in the middle lane, a right turn from there violates the act and the jury should have been so informed because there was evidence in this case that appellee had approached the intersection in the middle lane and had traveled in that lane for at least one block before reaching the intersection.

Appellant testified that he followed appellee's truck for a distance of a block or so before the intersection of Burnside and Grand Avenues was reached and that appellee's truck was traveling in the middle lane. Appellee testified that his truck was some six feet from the right-hand curb, and partly in both lanes, when he started his right-hand turn; that he did not form his intent to make a right-hand turn before he reached the intersection; that he was confused as to the proper route to take; that he saw an officer and made the right-hand turn so that he could reach the point at which the officer was located and get directions from him. The credibility of the witnesses was for the jury. If they believed appellant, appellee violated the requirement that when a right-hand turn is to be made at an intersection, the approach shall be made in the right-hand lane.

The instruction given by the court ignored one portion of the act and overly emphasized the other thereby prejudicing the case of appellant which was bot-

tomed on the theory that the appellee was negligent in making a right turn from an inside lane of a multi-lane street, cutting in front of appellant's car which was proceeding in the same direction in the right-hand lane. If the jury believed appellant's story, then appellee would be guilty per se by reason of his violation of the act. Appellant made no contention that appellee failed to turn as close as practicable to the right curb from the point from which he started. No testimony was given on that issue. The court's instruction, therefore, emphasized that portion of the statute not involved in the dispute between the parties and ignored that portion upon which appellant's whole case was founded.

Judgment reversed and cause remanded.

HAMLIN, Circuit Judge (dissenting).

I respectfully dissent. The majority opinion relies for the reversal of the case upon an explanatory statement of the Court in its instructions after the Court had correctly quoted the Oregon law.

I agree that the section of the Oregon law in question (set forth in the majority opinion) has two commands for a driver of a vehicle "intending to turn at an intersection": (1) to approach for a right turn in the lane nearest to the right hand side of the highway; and (2) to make the right turn as close as practicable to the right hand curb or edge of the highway.

However, I do not agree with the majority opinion which in two places states that the Court's instructions ignored the

first command of the section in question, and concluded with the statement that appellant's whole case was founded on the first portion of the section. The section was read to the jury in its entirety, including both its first and second command. Admittedly, the Court placed some emphasis on the second portion of the section in explaining the word "practicable," but at no time did he say that a violation of the first part of the section would not be negligence. To the contrary, in another portion of the instructions the jury were told that a violation of the Oregon statute was negligence. In still another place, in setting forth plaintiff's contentions as to defendant's alleged negligence, the Court referred to plaintiff's claim that defendant was negligent "in attempting to start a right hand turn from a wrong or inside line [sic] of travel."

As the instructions show, this was only one of four alleged claims of negligence upon which appellant relied.

The instructions of a Court should be considered as a whole. Southern Ry. Co. v. Jones, 6 Cir., 1955, 228 F.2d 203; Bush v. Louisville & N. R. Co., 5 Cir., 1958, 260 F.2d 854. I do not think the Court's explanation of the second part of the statute operated to blot from the record or drive from the minds of the jury all that had gone before regarding the first part of the statute, which was clear on its face and needed no explanation.

I have set out in a footnote substantially all of the Court's instructions to the jury on the phase of liability.[1]

1. "You have heard the evidence concerning the accident that occurred between these two parties. *It is the plaintiff's contention that this accident occurred by reason of the following particular alleged and contended claims of acts of negligence on the part of the defendant;* First, in attempting to turn said truck and trailer from a direct line of travel without first seeing that such movement could be made in safety. *Next,* in attempting to start a right-hand turn from a wrong or inside line of travel. *Next,* in failing to keep a proper lookout for other vehicles, and particularly for plain-

tiff's automobile. *Lastly,* in failing *to* keep said truck and trailer under proper or any control. [Emphasis added.]
 * * * * *

"Now, on the other side the defendant claims and contends that the plaintiff was guilty of negligence which contributed to the causation of the accident described to you in the following particulars: First, he attempted to pass the truck and trailer of defendant Poss at an intersection of highways. Next, he failed to heed the turn indicator signals which were in operation on defendant Poss' truck and trailer. Next, he failed to

In my opinion, these instructions set out clearly the contentions and duties of each party.

keep a proper or any lookout for other motor vehicular traffic, and particularly for the truck and trailer of the defendant Poss. Next, he failed to keep his automobile under proper or any control and, lastly, he failed to stop in order to avoid the collision.

\* \* \* \* \*

"So, members of the jury, you have before you, generally speaking, these issues: Whether or not the defendant was negligent in any one or more of the particulars claimed by the plaintiff and, if so, whether or not such negligence, if any, was the proximate cause of the accident that occurred, and whether or not the plaintiff was injured and, if so, the full extent, if any, of his injuries.

"On the other hand, you have the issue to determine whether or not the acts and conduct of the plaintiff immediately prior to the accident were such as claimed by the defendant that were negligent in any degree or in any particular that contributed to the causation of the accident.

\* \* \* \* \*

"Now, in addition to the foregoing, all motor vehicle operators owe the duty to others to obey the commands of statutory law for which safety of others commands or requires or prohibits or forbids certain acts or conduct. The failure, if you find such a failure, on the part of either of the parties as claimed to obey and comply with the requirements of such a statutory law is negligence per se on the part of such a defaulting party. That means a violation or a failure to obey and comply with any such statutory law on the part of either of the parties charged with obedience is negligence in and of itself, regardless of what a reasonable, careful, prudent person might or might not do in the absence of such a statutory provision.

\* \* \* \* \*

"Now, members of the jury, at the time of the accident referred to in this matter there was in effect in the state the following statutory provisions which apply in this instance to the defendant, and it reads as follows:

" 'Turning at Intersections. 1. The driver of a vehicle intending to turn at an intersection shall observe the following rules: a. The approach for a right turn shall be made in the lane of traffic nearest to the right-hand side of the highway, and the right turn shall be made as close as practicable to the right curb or edge of the highway.'

There was ample evidence upon which the jury could have found the plaintiff guilty of both statutory and nonstatu-

"Now, members of the jury, in determining whether or not the plaintiff in this instance did or did not violate this rule of law you should bear in mind the type of equipment that the defendant was driving, whether or not it be a private car or whether or not it be the truck as we see them on the highway and as has been described in the evidence in this case. The important part of the act is that the turn shall be made as close as practicable to the right curb or edge of the highway.

"Now, with reference to the statutory duty that plaintiff owed to himself and the defendant, the law of the State of Oregon provides:

" 'The driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction at any steam or electrical railroad grade crossing or at any intersection of highway unless such movement can be made in safety.'

"So, in connection with the claims of the defendant against the plaintiff, you should bear in mind in determining whether or not the plaintiff violated this statute whether or not he was in the movement of his automobile attempting to pass or whether or not whatever movement his vehicle may have made could have been made in safety as measured by ordinary, reasonable prudence.

"So, as you were instructed, members of the jury, if you should find from all of the evidence in the case that either of these parties failed to abide and act in accordance with these statutes that are applicable to each of them, then they would be guilty of negligence as a matter of law and per se as the Court instructed you.

"Now, in addition to the law that was read to you and the general rule of ordinary, prudent conduct of motor vehicle operators on the highway, I want to call to your attention that it is the duty of all drivers to keep their vehicles under proper control and, further, to keep and mantain a lookout for others using the highway, all with respect, in the operation of their respective vehicles, to at all times exercise due caution and circumspection.

"In connection with the use of the Court's words 'proper control,' you're instructed that a car is under control within the meaning called to your attention if it is moving at such a rate of speed and the driver has the mechanism and the power under such control that it can

tory negligence. Of course, if he was guilty of any negligence proximately contributing to the accident, his claim would be barred.

The finding of the jury in favor of the defendant does not necessarily determine that the defendant was not negligent. It might include a finding that he was negligent, but that his negligence did not proximately contribute to the happening of the accident, or it might include a finding that he was negligent and that his negligence did proximately contribute to the happening of the accident but that also the plaintiff was negligent, proximately contributing to the accident.

If either of the parties wanted special findings on any of these separate issues, special interrogatories should have been requested.

Taking the instructions as a whole, I believe the issues before the jury were fairly, fully and clearly stated and that there was nothing said by the Court in any of its instructions that would in any way mislead the jury.

I would affirm.

be brought to a stop with a reasonable degree of quickness, and the driver has the ability to stop or swerve reasonably so as to avoid a collision.

"Now, with respect to the Court's use of the word 'lookout,' lookout simply means—and this applies to both of the parties in the operation of their vehicles—a careful looking or watching for any object or person which might be reasonably expected to become a hazard to his progress. You are charged that a person is chargeable with having seen and, therefore, having known that which he should have seen by keeping such a careful lookout, and in keeping such a careful lookout it is the law that no person need anticipate any negligence on the part of another person using the highway. A motor vehicle operator may at all times assume, until he has notice to the contrary, or until by the exercise of reasonable due care on his part he should have or would have known to the contrary, that other persons using the highway will exercise due care and, therefore, he may act accordingly.

"But in no event does this right of assumption relieve him of his continuing duty to maintain such a lookout as a reasonable, prudent person would maintain in the same or similar circumstances.

"Members of the jury, you are instructed that in order for negligence on the part of any party to constitute or create a cause of action against such person, such negligence, if any, must be the proximate cause of the alleged accident and any claimed injury or damage resulting therefrom. By 'proximate cause' it is simply meant that cause which in the direct, natural and continuous sequence of events, unbroken by any new or efficient intervening cause, produces the result and without which the accident or the alleged injury complained of would not have occurred. It is not necessarily the last action or the act nearest the result, but it must be the act which produces the result.

"That means that proof of negligence alone on the part of a defendant is not sufficient to award or authorize a verdict in favor of the plaintiff and against the defendant, but that the proof must go further to establish that such negligence, if any, was the proximate cause of the injury complained of.

"Now, likewise, in order for a claim of contributory negligence to substantiate a defense to an alleged cause of action, such contributory negligence, if any, must contribute to the proximate cause of the accident or injury complained of to the extent that without such contributory negligence, if any, on the part of the plaintiff, the accident would not have occurred.

"Further, that such contributory negligence, if any, on the part of the plaintiff will completely bar or prevent the verdict in favor of the plaintiff if such negligence on the plaintiff's part contributed in producing the proximate cause of the accident and any resulting injuries, no matter how slightly it may have contributed, even though the defendant himself may have been also negligent."